**FILED**
APR 23 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Mag. Case No. '08 MJ 8342 |
| Plaintiff, | ) COMPLAINT FOR VIOLATION OF: |
| v. | ) Title 8, U.S.C., Section 1324 (a)(1)(A)(ii) <br> ) Illegal Transportation of Aliens |
| Juan GODINEZ-Topete, | ) |
| Defendant. | ) |

The undersigned complainant, being duly sworn, states:

On or about April 22, 2008, within the Southern District of California, defendant Juan GODINEZ-Topete with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Lorena GOMEZ-Rangel, Claudio ROMERO-Pina, and Juan Marcelo GUALPA-Yupa, had come to, entered and remained in the United States in violation of law, and did transport and move said aliens within the United States in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
MARCO A. MIRANDA
Senior Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 23th DAY OF APRIL 2008.

_____
PETER C. LEWIS
United States Magistrate Judge

Page 1

UNITED STATES OF AMERICA
   v.
Juan GODINEZ-Topete

## STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending agent, E. Blackburn that on April 22, 2008, the defendant, Juan GODINEZ-Topete (GODINEZ-Topete), an illegal alien, was apprehended near Calexico, California, as the driver of a 1995 Ford Windstar ("Windstar"), as he smuggled four (4) undocumented aliens.

On April 22, 2008, at approximately 07:05 a.m., a Remote Video Surveillance Systems (RVSS) operator was conducting surveillance near the Calexico, California, Port of Entry. The RVSS operator observed four individuals illegally enter the United States approximately 3.5 miles east of the Calexico Port of Entry. The RVSS operator observed the four suspected illegal aliens lying down along the International Boundary Fence. The suspected illegal aliens then crawled north on their stomachs to the edge of Anza Road. Both Agent Blackburn and the RVSS operator observed a Ford Windstar come to a complete stop on Anza Road where the suspected illegal aliens were lying. Agent Blackburn and the RVSS operator observed all four suspected illegal aliens board the Windstar.

Agent Blackburn successfully deployed the Controlled Tire Deflation Device. Agent Blackburn activated his emergency lights and sirens as he pursued the Windstar. The driver of the Windstar, later identified as Juan GODINEZ-Topete, continued driving on two flat tires. GODINEZ-Topete proceeded northbound on Carr Road and turned eastbound. GODINEZ-Topete finally stopped west of the intersection of Carr and Anderholt Roads. As the vehicle came to a stop, Agent Blackburn approached the Windstar and observed GODINEZ-Topete sitting behind the steering wheel. Agent Blackburn also observed one individual in the passenger seat and three others lying down in the cargo area of the vehicle.

Agent Blackburn questioned all the subjects as to their citizenship. GODINEZ-Topete claimed to be a citizen and national of Mexico illegally present in the United States. Two passengers also claimed to be a citizen and national of Mexico illegally present in the United

States. The other two passengers claimed to be citizens of Ecuador illegally present in the United States.

Agent N. Atiles advised GODINEZ-Topete of his Miranda rights. GODINEZ-Topete acknowledged understanding his rights and he was willing to answer questions without an attorney present. GODINEZ-Topete admitted to smuggling illegal aliens for money and being the driver of the Windstar. GODINEZ-Topete stated he entered the United States by crossing in the same area where he picked up the four illegal aliens. GODINEZ-Topete stated he made arrangements with another smuggler to be smuggled into the United States for the purpose of transporting illegal aliens. GODINEZ-Topete stated he was to pick up illegal aliens and transport them to the intersection of Barbara Worth Road and Highway 98 in Calexico. GODINEZ-Topete said he was being paid $100.00 per each person he smuggled into the United States.

Material Witnesses Lorena GOMEZ-Rangel stated she is a citizen of Mexico and illegally in the United States. Claudio ROMERO-Pina, and Juan Marcelo GUALPA-Yupa stated they are citizens of Ecuador and illegally in the United States. Claudio ROMERO-Pina stated he made arrangements in Mexicali, Mexico, to be smuggled into the United States for a fee of $2,000.00. Juan Marcelo GUALPA-Yupa stated he made arrangements in Mexicali be smuggled into the United States for a fee of $13,500.00. Lorena GOMEZ-Rangel stated she met with an unknown man who offered to smuggle him into the United States for a fee of $20,00.00 in Mexican currency. All three subjects said they crossed the United States/Mexico International border illegally by climbing over the United States/Mexico International Border Fence into the United States. Claudio ROMERO-Pina, and Juan Marcelo GUALPA-Yupa were shown a six photo line up and positively identified photo #4, which depicted defendant Juan GODINEZ-Topete, as the driver of the Windstar.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Claudio ROMERO-Pi | Ecuador |
| Juan GUALPA-Yupa | Ecuador |
| Lorena GOMEZ-Rangel | Mexico |

Further, complainant states that Lorena GOMEZ-Rangel, Claudio ROMERO-Pina, and Juan Marcelo GUALPA-Yupa, are citizens of a country other than the United States, that said aliens have admitted they are deportable, that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena, and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.