| | |
|---|---|
| 1  KAREN P. HEWITT<br>United States Attorney<br>2  DOUGLAS KEEHN<br>Assistant United States Attorney<br>3  California State Bar No. 233686<br>United States Attorney's Office<br>4  Federal Office Building<br>880 Front Street, Room 6293<br>5  San Diego, California 92101<br>Telephone: (619) 557-6549<br>6<br>Attorneys for Plaintiff<br>7  UNITED STATES OF AMERICA | **FILED**<br>MAY 2 2 2008<br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br>BY _EF_ DEPUTY |

8

9              UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  UNITED STATES OF AMERICA,       )<br>                                 )<br>12                   Plaintiff,       )<br>                                 )<br>13           v.                      )<br>                                 )<br>14  JUAN GODINEZ-TOPETE,             )<br>                                 )<br>15                   Defendant.      )<br>_____) | Magistrate Case No. 08MJ8342<br>08CR1678-JAH<br><br>**STIPULATION OF FACT AND JOINT<br>MOTION FOR RELEASE OF<br>MATERIAL WITNESS(ES) AND<br>ORDER THEREON**<br><br>**(Pre-Indictment Fast-Track Program)** |

17     **IT IS HEREBY STIPULATED AND AGREED** between the plaintiff, UNITED STATES

18  OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and

19  Douglas Keehn, Assistant United States Attorney, and defendant JUAN GODINEZ-TOPETE, by

20  and through and with the advice and consent of Merle N. Schneidewind, counsel for defendant, that:

21     1.     Defendant agrees to execute this stipulation on or before the first preliminary hearing

22  date and to participate in a full and complete inquiry by the Court into whether defendant knowingly,

23  intelligently and voluntarily entered into it. Defendant agrees further to waive indictment and plead

24  guilty to the pre-indictment information charging defendant with a non-mandatory minimum count

25  of Transportation of Aliens and Aiding and Abetting, in violation of 8 U.S.C. §1324(a)(1)(A)(ii)

26  and (v)(II).

27  //

28  WDK:psd:4/28/08

2. Defendant acknowledges receipt of a plea agreement in this case and agrees to provide the signed, original plea agreement to the Government not later than five business days before the disposition date set by the Court.

3. Defendant agrees to plead guilty to the charge pursuant to the plea agreement on or before **May 27, 2008**.

4. The material witnesses, Claudio Romero-Pina, Juan Gualpa-Yupa, and Lorena Gomez-Rangel, in this case:

    a. Are aliens with no lawful right to enter or remain in the United States;

    b. Entered or attempted to enter the United States illegally on or about April 22, 2008;

    c. Were found in a vehicle driven by defendant near Calexico, California and that defendant knew or acted in reckless disregard of the fact that they were aliens with no lawful right to enter or remain in the United States;

    d. Were paying $2,000-$13,500 and 20,000 Mexican pesos to others to be brought into the United States illegally and/or transported illegally to their destination therein; and,

    e. May be released and remanded immediately to the Department of Homeland Security for return to their country of origin.

5. After the material witnesses are ordered released by the Court pursuant to this stipulation and joint motion, if defendant does not plead guilty to the charge set forth above, for any reason, or thereafter withdraws his guilty plea to that charge, defendant agrees that in any proceeding, including, but not limited to, motion hearings, trial, sentencing, appeal or collateral attack, that:

    a. The stipulated facts set forth in paragraph 4 above shall be admitted as substantive evidence;

    b. The United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witness(es) provided in discovery, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of (an) unavailable witness(es); and,

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Juan Godinez-Topete      2      08MJ8342

c.    Understanding that under <u>Crawford v. Washington</u>, 124 S. Ct. 1354 (2004), "testimonial" hearsay statements are not admissible against a defendant unless defendant confronted and cross-examined the witness(es) who made the "testimonial" hearsay statements, defendant waives the right to confront and cross-examine the material witness(es) in this case.

6.    By signing this stipulation and joint motion, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language).  Defendant certifies further that defendant has discussed the terms of this stipulation and joint motion with defense counsel and fully understands its meaning and effect.

Based on the foregoing, the parties jointly move the stipulation into evidence and for the immediate release and remand of the above-named material witness(es) to the Department of Homeland Security for return to their country of origin.

It is STIPULATED AND AGREED this date.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

Dated: 5/14/08

DOUGLAS KEEHN
Assistant United States Attorney

Dated: 5/10/08

MERLE N. SCHNEIDEWIND
Defense Counsel for GODINEZ-TOPETE

Dated: 5/10/08

JUAN GODINEZ-TOPETE
Defendant

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Juan Godinez-Topete                    3                              08MJ8342

# ORDER

Upon joint application and motion of the parties, and for good cause shown,

**THE STIPULATION** is admitted into evidence, and,

**IT IS ORDERED** that the above-named material witness(es) be released and remanded forthwith to the Department of Homeland Security for return to their country of origin.

**SO ORDERED.**

Dated: 5-22-08

_____
United States Magistrate Judge

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Juan Godinez-Topete           4           08MJ8342